**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **JUAN LUIS HERNANDEZ BUSTAMANTE,** | § | |
| **Petitioner,** | § | |
| | § | **EP-26-CV-01284-DB** |
| **v.** | § | |
| | § | |
| **TODD BLANCHE**, *Attorney General*, *et al.*, | § | |
| **Respondents.** | § | |

**<u>ORDER</u>**

On this day, the Court considered the above-captioned case. On June 23, 2026, this Court issued an "Order," ECF No. 18, granting Petitioner Juan Luis Hernandez Bustamante's "Amended Petition for Writ of Habeas Corpus," ECF No. 14, on due process grounds. Therein, Court ordered the following:

> **IT IS FURTHER ORDERED** Respondents **SHALL** (1) provide Petitioner with a bond hearing before an immigration judge at which the government shall bear the burden of justifying, by clear and convincing evidence, the dangerousness or flight risk for Petitioner's continued detention; **<u>OR</u>** (2) release Petitioner from custody, under reasonable conditions of supervision, during the pendency of their removal proceedings **<u>no later than June 29, 2026</u>.**

ECF No. 18 at 3 (footnote omitted). The Court further ordered the Parties to confer and file a joint notice informing the Court whether any matters remain to be resolved in this case no later than July 9, 2026. *Id.* at 4. On July 16, 2026, the Parties filed a "Joint Advisory," ECF No. 23, indicating they disagreed as to whether any issues remain to be resolved. Respondents maintain there is nothing left to be resolved in this case, while Petitioner maintains the Court's mandate has not been met and he should be released from custody. ECF No. 23 at 2.

In the "Joint Advisory," ECF No. 23, and Petitioner's supporting memorandum, ECF No. 24, Petitioner challenges the adequacy of his bond hearing on two grounds. First, Petitioner avers

that, although this Court explicitly placed the burden on the government to prove, by clear and convincing evidence, Petitioner was a flight risk or danger to the community, the Immigration Judge's ("IJ") order is "devoid of any indication that respondents provided any evidence at all to meet this burden. Instead, the IJ's order reasoning relies exclusively on [Petitioner's] testimony (and his lack of documentary evidence) instead of any evidence provided by respondents." ECF No. 24 at 2–3 (citations omitted). Second, Petitioner argues that although the IJ raised "competency concerns" during the bond hearing, she "failed to make any further inquiry into whether [Petitioner] was competent to proceed with the instant hearing. Nor did the IJ conduct any inquiry into necessary procedural safeguards to ensure that [Petitioner] had access to a 'full and fair hearing[,]'" as required under agency regulations. *Id.* at 4–5 (citations omitted). Based on Petitioner's assertions in the "Joint Notice," ECF No. 23, and "Petitioner's Memorandum," ECF No. 24, the Court finds further information is needed before it can close this case.

Accordingly, **IT IS HEREBY ORDERED** Respondents **SHALL EITHER** (1) **FILE** a supplemental notice supporting their position that the June 29, 2026, bond hearing held by Immigration Judge Robyn Ross complies with this Court's June 23, 2026, order to "provide Petitioner with a bond hearing before an immigration judge at which the government shall bear the burden of justifying, by clear and convincing evidence, the dangerousness or flight risk for Petitioner's continued detention," ECF No. 18 at 3, ***and*** provide a transcript or recording of the proceedings, **OR** (2) **IMMEDIETELY RELEASE** Petitioner from custody, under reasonable conditions of supervision, during the pendency of their removal proceedings **no later than July 23, 2026**.

**IT IS FURTHER ORDERED** that if Respondents opt to release Petitioner, they **SHALL FILE** a notice confirming Petitioner's release **no later than July 24, 2026**.

**IT IS FURTHER ORDERED** that if Petitioner is released from custody, Respondents **SHALL RETURN** all personal property in their custody to Petitioner upon release. Such property includes, but is not limited to, identification documents.

**IT IS FINALLY ORDERED** that if Petitioner is released from custody, the parties **SHALL CONFER AND FILE** a notice of whether any issues remain to be resolved in this case **no later than July 29, 2026.**

**SIGNED** this **17th** day of **July 2026**.

**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**